JUN 18 2024 PM 12:52
FILED - USDC - BPT - CT

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## COMPLAINT FORM

**Alket Dajani**                                    DATE _____

    **Plaintiff (s)**

                                    CASE #: 24cv 1059

**v.**

**HOME POINT FINANCIAL CORPORATION, and
FEDERAL NATIONAL MORTGAGE ASSOCIATES.**

    **Defendants.**

NOW COME the Plaintiff and as his complaint Against the defendants; HOME POINT FINANCIAL CORPORATION and FEDERAL NATIONAL MORTGAGE ASSOCIATES as follows:

### THE PARTIES

1.    Plaintiff, Alket Dajani, is a natural man of full age of majority and an American State National of Connecticut.

2.    Defendant, HOME POINT FINANCIAL CORPORATION is a corporation with its principal place of business in 221 old Earhart Rd., Ann Harbor MI 48105, which does/was doing business in Fairfield County Connecticut.

3.    Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATES is a Washington DC Corporation principal address 1100 15th st. NW Washington DC. 20005-1707 and Granite park VII, 5600 Granite Pkwy, Plano, Texas 75024 which does business in Connecticut.

**NATURE OF THE CASE**

1.     Wrongfully Foreclosure:

        Foreclosure docket# FBT-CV-22-6119788-S filed on 11/21/2022 and Wrongful Sale by Committee dated 8/31/2023 in Fairfield County Judicial Court of the premises on the Property located at 60 Oxen Hill Road, Trumbull Connecticut by the defendant HOME POINT FINANCIAL CORPORATION.

2.     Deprive Secured Parties Rights to the Property.

        Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATES in attempt to deprive Alket Dajani's interest rights filed On August 14, 2023 Secured Party Security Agreement between the Secured Party Creditor Alket Dajani and the Debtor ALKET DAJANI all caps name entity Security Agreement # AD-7401374SA recorded in Book 1914 Page 833 - 838 of the Trumbull land records and UCC-1 Lien Filing # 0005159245 and UCC-3 Amendment Filing # 0005160818 with Secretary Of The State Of Connecticut on the premises property located at 60 Oxen Hill Road Trumbull Connecticut.

CAUSE OF ACTION

THE FACTS

I, The plaintiff , Alket Dajani allege that the following of my constitutional rights privileges or immunities or my rights under the federal laws have been violated and that the following facts form the basis of my allegations…

     1.     On August 26, 2019 ALKET DAJANI "OWED" HOME POINT FINANCIAL CORPORATION $307,500.00 as evidence by a promissory note for said sum dated on said date, For Home Point Financial Corporation as the Holder of the Note  (see exhibit A, pages 1,2 and 3 original copy provided to plaintiff on the closing date august 26, 2019).

     2.     On November 7, 2022 plaintiff, Alket Dajani sent certified mail, return receipt # 70220410000073950503 a 1099A Acquisition or Abandonment of Secured Property IRS form (see copy exhibit B, pages 1 and 2) to Home Point Financial Corporation CEO William A.

Newman at 2211 Old Earhart Rd., Ann Arbor, MI 48105 as a full payment.

3.    The Plaintiff, Alket Dajani mailed out Mortgage Statement Remittance Coupon endorsed front and back dated November 16, 2022 in the amount of $336,492.47 (see exhibit C, pages 1and 2) with the plaintiff's , Alket Dajani beneficiary's signature to Home Point Financial Corporation.

4.    On December 23, 2022 plaintiff Alket Dajani received a correspondence from Customer Experience Team Home Point Financial Corporation Maryland Hubbard (see exhibit D, pages 1 and 2) which denied the payment presented by plaintiff Alket Dajani with a 1099A Acquisition or Abandonment of Secure Property IRS form as a result the foreclosure on the premisses was filed with Judicial Branch.

5.    On August 14, 2023 Security Agreement between the secured party creditor, Alket Dajani and a debtor ALKET DAJANI  all caps name entity (security agreement # AD-7401374-SA see exhibit H, pages 1,2,3,4,5 & 6) was executed and recorded in Book 1914 Page 833 - 838 of the Trumbull Connecticut land records.

6.    On August 14, 2023 the Creditor, the plaintiff, Alket Dajani filled UCC-1 Lien # 0005159245 and on august 22, 2023 the Creditor, the plaintiff, Alket Dajani filled a UCC-3 Amendment # 0005160818 on the debtor ALKET DAJANI and on  the Property 60 Oxen Hill Rd., Trumbull, Connecticut for the Secured Party interest.

7.    Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATES caused a NOTICE TO QUIT POSSESSION action on the plaintiff dated 3/22/2024.

8.    Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATES claims that

HOME POINT FINANCIAL CORPORATION conveyed the premises to FEDERAL

NATIONAL MORTGAGE ASSOCIATES by virtue of QUIT CLAIM DEED which was

recorded November 30, 2023 in a book 1919 at page 897 of the Trumbull land record.

9.      The defendant FEDERAL NATIONAL MORTGAGE ASSOCIATES served the

Plaintiff, Alket Dajani with the "Change of Ownership and Notice to Vacate" dated December

13, 2023.

10.     On March 26, 2024 the defendant, FEDERAL NATIONAL MORTGAGE

ASSOCIATES caused the NOTICE TO QUIT (END) POSSESSION of premises before April

30, 2024.

11.     On April 2, 2024 the plaintiff, Alket Dajani mailed a NOTICE  TO CEASE AND

DESIST letter (see exhibit E), UCC-1 lien(see exhibit F, pages 1 & 2) and UCC-3 (see exhibit

G) filing of a lien on the debtor ALKET DAJANI and on the property 60 Oxen Hill Rd.,

Trumbull, Connecticut, with a copy of secured party Creditor Alket Dajani and Debtor ALKET

DAJANI agreement (see exhibit H, pages 1,2,3,4,5 & 6), and secured party creditor Alket

Dajani's which was recorded in Book 1914, Pages 833 - 838 of the Trumbull Land Record,

and copy of Notice of Intent—Fee Schedule (see attached I, pages 1,2,3,4,5,6,7 & 8)

which was recorded in Book 1924, Pages 487 - 494 of the Trumbull Land Record to;

Home Point Financial Corporation, certified mail return receipt# 70203160000129582413

Federal National Mortgage Associates, certified mail return receipt# 70203160000129582345

McCalla Raymer Leibert Pierce LLC., certified mail return receipt# 70203160000129582338

CT State Marshall et. al. Thomas Foldy, certified mail return receipt# 70203160000129582321.

12.     On May 6, 2024 Plaintiff, Alket Dajani was served with the SUMMONS,

SUMMARY PROCESS (EVICTION) from defendant, FEDERAL NATIONAL MORTGAGE

ASSOCIATES.

WHEREFORE, the plaintiff, Alket Dajani: claims judgement for damages, immediate possession of the promises property located at 60 Oxen Hill Road Trumbull Connecticut near 06611 and such other relief and further equitable relief it may be required by UCC lien, Notice Of Intent-Fee Schedule and by law.

Do you  wish to have a jury trial?   Yes              No

This action is within jurisdiction of United States District Court district of Connecticut.

Dated at Trumbull, Connecticut, June __18__, 2024

The Plaintiff
Alket Dajani

By: *Alket: Dajani, Beneficiary.*
UCC1-308 ARR, without prejudice, without recourse
c/o 60 Oxen Hill Road,
Trumbull, Connecticut [06611]
(203) 650-8416

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares on the penalty of the perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 USC § 1746; 18 USC § 1621.

Executed at __BRIDGEPORT, CT__ on __06/18/2024__
            (location)                               (date)

*Alket: Dajani, Beneficiary*
Plaintiff's Original Signature

page 5 of 5

# NOTE

DAJANI
Loan #: 7000170315
MIN: 100661190002923263

AUGUST 26, 2019               PARSIPPANY,               NEW JERSEY
[Date]                         [City]                    [State]

60 OXEN HILL RD, TRUMBULL, CT 06611
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $307,500.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is HOME POINT FINANCIAL CORPORATION. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.125%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1ST day of each month beginning on OCTOBER 1, 2019. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on SEPTEMBER 1, 2049, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO BOX 790309, ST LOUIS, MO 63179-0309 or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,674.30.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note

**MULTISTATE FIXED RATE NOTE** --Single Family-- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
5.66                                                      **Form 3200   1/01** *(page 1 of 3 pages)*



*Exhibit A - 1*

7000170315

Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I

**MULTISTATE FIXED RATE NOTE** --Single Family-- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
5.66                                                                 **Form 3200   1/01** *(page 2 of 3 pages)*



Exhibit A - 2

7000170315

do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____

- BORROWER - ALKET DAJANI

*[Sign Original Only]*

Individual Loan Originator: JEANINE MARIE NORWOOD, NMLSR ID: 690810
Loan Originator Organization: FAIRFIELD HOME LOANS, LLC, NMLSR ID: 1707824
Loan Originator Organization (Creditor): HOME POINT FINANCIAL CORPORATION, NMLSR ID: 7706

**MULTISTATE FIXED RATE NOTE** --Single Family-- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
5.66                                                                  **Form 3200   1/01** *(page 3 of 3 pages)*



8080      VOID ☐ CORRECTED

| | | |
|---|---|---|
| United States — Treasury<br>1111 Constitution Avenue, NW<br>Washington, D.C. 20224 | | Form **1099-A**<br>2022 | Acquisition<br>Abandonment<br>Secured Proper |
| | **1** Date of lender's acquisition or knowledge of abandonment<br>11-01-2022 | **2** Balance of principal outstanding<br>$ 350534.48 | Copy |
| 52-0907065  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 | **3** | **4** Fair market value of property<br>$ 350534.48 | Internal Revenue Service Center |
| ALket: Dajani<br>60 Oxen hill Road | **5** Check if the borrower was personally liable for repayment of the debt ☐ | | |
| Trumbull, Connecticut [06611]<br>9014061660 | **6** Description of property GO Oxen hill Road<br>Trumbull, connecticut [06611]<br>Acc# 9014061660 | | |

Form 1099-A    www.irs.gov/Form1099A    Department of the Treasury - Internal Revenue Ser

Do Not Cut or Separate Forms on This Page — Do Not Cut or Separate Forms on This Pag

Exhibit B - 1

Allist, Dejani, Beneficiary.

Exhibit B - 2



# Mortgage Statement
Statement Date: 11/16/2022

| Property Address: | 60 OXEN HILL RD |
| | TRUMBULL CT 06611 |
| Account Number | 9014061660 |
| Payment Due Date | 12/1/2022 |
| Amount Due to Reinstate Loan as of 11/16/2022 | $16,472.62 |

## Account Information

| | |
|---|---|
| Outstanding Principal Balance | $294,735.19 |
| Deferred Principal | $47,495.12 |
| Current Escrow Balance | -$2,497.36 |
| Interest Rate | 5.125% |

*This principal balance above is not the total amount required to pay your loan in full.*

## Contact Us

Phone: support@myhomepointloan.com
855-945-3056
Monday through Friday, 8:30 AM to 6:00 PM ET

## Explanation of Amount Due

| | |
|---|---|
| Outstanding Payment(s) | $13,349.55 |
| Total Fees Charged | $511.16 |
| Corporate Account Balance | $2,611.91 |
| Total Amount Due to Reinstate loan as of 11/16/2022 | $16,472.62 |
| Accelerated Amount Due as of 11/16/2022 | $336,492.47 |

## Activity since your last statement (10/18/2022 - 11/16/2022)

| Date | Due Date | Description | Amount | Principal | Interest | Escrow | Fees | Unapplied | Other |
|------|----------|-------------|--------|-----------|----------|--------|------|-----------|-------|

## Past Payment Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| | | $2,659.68 |
| | | $3,690.42 |
| | | $4,569.27 |
| | | $102.74 |
| | | $2,499.48 |
| **Total** | **$0.00** | **$17,521.29** |

## Important Messages

If you are experiencing a hardship or are impacted by COVID-19 and need assistance, please reach out to us to discuss possible options at 855-935-1509.

## Delinquency Notice

You are late on your mortgage payments. Failure to bring your loan current may result in fees, expenses and foreclosure - the loss of your home. As of November 16, 2022, you are 138 days delinquent on your mortgage loan. Your loan became delinquent as of 07/01/2022.

*Recent Account History*

Payment due 06-01-2022   $0.00
Payment due 07-01-2022   Unpaid Amount of $2,659.91
Payment due 08-01-2022   Unpaid Amount of $2,659.91
Payment due 09-01-2022   Unpaid Amount of $2,659.91
Payment due 10-01-2022   Unpaid Amount of $2,659.91
Payment due 11-01-2022   Unpaid Amount of $2,659.91
Total: $16,472.62 due. You must pay this amount to bring loan current.

*See back for information about mortgage foreclosure counseling or assistance.*

The first notice or filing required by applicable law has been made to initiate the foreclosure process

homepoint · &... all rights reserved

HOMEPOINT FINANCIAL CORPORATION
PO BOX 105178
ATLANTA, GA 30348-5178

| Total Amount Due | $16,472.62 |
| Payment Due by 12/1/2022 | |

Please describe how you want us to apply any additional funds

| Additional Principal | $ | 336,492.47 |
| Additional Escrow | $ | |
| Other Fees | $ | |
| **Total Amount Enclosed:** | $ | 336,492.47 |

Exhibit
C-1

THIS IS NOT A BILL  PROVIDED YOUR LOAN IS IN A CURRENT STATUS. YOUR PAYMENT WILL ... THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY

**Servicer Notice**

**Contact Us**

**Payments**

**Fee Schedule**

**Payoffs**

**Servicemembers Civil Relief Act (SCRA)**

## Americans with Disabilities Act (ADA)

Our company supports customers which require assistance due to hearing, speech or visual impairments. Specially trained relay agents will conduct the calls through TTY or verbally to hearing parties. If you are having difficulty reading this document, you may request that our Customer Care Specialists assist you by reading the letter content aloud to you in its entirety. Please contact a Customer Care Specialist on the phone number included on the front of this statement.

**Notice About Electronic Check Conversion**

**Disputing Credit Reporting Account Information**

**Complaints**

**Notices of Error and Requests for Information**

**Property Taxes**

**HUD Counseling Information about Mortgage Counseling or Assistance**

**Fair Debt Collections Protection Act and Bankruptcy**

**Fannie Mae**

**Homeowner Assistance Fund**

**Successors in Interest**

**Credit Reporting Notice**

**State Disclosures**

---

Address and phone number change *Please be sure to check the box on the front of this coupon.

Borrower first name                          Borrower last name

Co-borrower first name                       Co-borrower last name

New mailing address

City. State Zip

Home Phone                          Work Phone

Cell Phone                          Email

Exhibit C-2

# homepoint

P.O. Box 100081
Duluth, GA 30096-9377

December 23, 2022

Alket Dajani
60 Oxen Hill Road901
Trumbull, CT 06611

Loan Number: 9014061660

Dear Alket Dajani:

Home Point Financial Corporation (HomePoint) is in receipt of the correspondence received on December 14, 2022, in connection with the above referenced loan.

In the inquiry received, you expressed concern that the above referenced account had been paid in full as of November 14, 2022. Please find our response below.

**Debt Validation**
We received your correspondence and have determined that we've previously responded to part of your inquiry and no additional documentation or information was provided. We've enclosed our previous response dated November 28, 2022, for your reference and will be providing our resolution to your new concern.

**Payoff Request and 1099-A**
HomePoint accepts payoff funds through certified or wired funds only.  We have no record of receiving funds to pay your account in full.  The account status is currently due for the July 1, 2022, payment.  If you would like to request a payoff statement, please contact our Customer Service department at 855-998-3056. Their hours of operation are Monday through Friday from 8:30 a.m. to 8:00 p.m. eastern Time.

**Contact Us**
Please contact us at 855-998-3056 Monday through Friday from 8:30 AM to 8:00 PM ET with any questions. You can also reach us via email at support@myhomepointservicing.com.

Exhibit D - 1

Sincerely,

*Marilyn Hubbard*

**Customer Experience Team**
Home Point Financial Corporation
NMLS 7706

Enclosure(s)

Exhibit D-2

# NOTICE TO CEASE AND DESIST

From:  Alket Dajani                                    Date: _April 2, 2024_
       c/o 60 Oxen Hill Road
       Trumbull, Connecticut, [06611]

**Re: Notice To Cease And Desist For Specific Activity**

Dear Home Point Financial Corporation et. al., Federal National Mortgage Associates et.al., Reuben Manning, Esq., and McCalla Raymer Leibert Pierce, LLC., and Thomas Foldy Connecticut State Marshall et. al.

This Letter is served upon due to Home Point Financial Corporation, Federal National Mortgage Associates et.al., Reuben Manning, Raymer McCalla, Pierce Leibert and McCalla Raymer Leibert Pierce, LLC., Connecticut State Marshall et. al. Thomas Flody ('Activity").

**If do not cease the aforementioned Activity a lawsuit will be commence against you.**

If the Activity continues we will immediately seek a temporary restraining order in District Court against you all individually and any accomplices in this matter. We will also sick monetary damages as per Notice Of Intent- Fee Schedule attached to be proven at trial. Hopefully this recourse is not necessary, we have our own interest to protect and will vigorously do so.

You will not receive another warning letter. If you do not confirm in writing to us in 14 days upon receive of this notice that you will cease violating our Agreement a lawsuit will be commenced immediately.

Attached you'll find (UCC1 & UCC3 lien per secured parties interest and the fee schedule) all necessary paper copies from Secretary of the sTate of Connecticut and County Recorders office Trumbull CT to understand the intent.

Sincerely, _Alket Dajani, beneficiary._
UCC1-308 ARR without prejudice, without recourse

Certified mail return receipt# 70203160000129582413 Home Point Financial Corporation
Certified mail return receipt# 70203160000129582345 Federal National Mortgage Associates
Certified mail return receipt# 70203160000129582338 McCalla Raymer Leibert Pierce LLC.,
Certified mail return receipt# 70203160000129582321 CT State Marshall et. al. Thomas Foldy.

Page 1 of 1

Exhibit E

# Secretary of the State of Connecticut
## UCC-1 Original Financing Statement

## Filing Details

Filing Number: 0005159245          Filed On:      8/14/2023 2:07:08 PM

## Submitter Information

Contact Name:   Alket Dajani
Phone Number:   +12036508416
Email Address:   alkdaja@yahoo.com
Mailing Address:

## Debtor Information

Organization Name: ALKET DAJANI
Mailing Address:     27 SUBURBAN AVE.,, 2ND FLOOR
City:                BRIDGEPORT          State:        CT
Zip Code:            06604-1202          Country:      United States

## Secured Party Information

Organization Name: Alket: Dajani
Mailing Address:     Rural Free Delivery
City:                Republic of          State:        CT
                     Connecticut
Zip Code:            00000                Country:      United States

## Collateral Information

This financing statement covers the following collateral:
This is Actual and Constructive Notice that all of the Debtors interest now on or here
after acquire as here by except it as collateral for securing contractual obligation end of
the Secured Party as detailed in a true, correct, complete, notarized security agreement
No. AD-74010374-SA recorded at the county recorders office dated Fourteenth day of
Eighth month in Year Twenty Thousand Twenty -Three. Inquiring parties may consult
directly with the Debtor.

## Collateral Type

Administered by Decedent's No
Representative:
Held in Trust:           No

Exhibit F - 1



**Secretary of the State of Connecticut**
**UCC-1 Original Financing Statement**

## Alternative Designation

| | |
|---|---|
| Lessee/Lessor: | No |
| Consignee/Consignor: | No |
| Seller/Buyer: | No |
| Bailee/Bailor: | Yes |
| Licensee/Licensor: | No |

## Filing Type

| | |
|---|---|
| Transmitting Utility: | No |
| Public Finance: | No |

## Filing Information

| | |
|---|---|
| Optional Filer Reference: | N/A |

Exhibit F-2

**Business.CT.gov - Filing Number: 0005160818 - Filing Date: 8/22/2023 11:32:08 AM**



# Secretary of the State of Connecticut
# UCC-3 Financing Statement Amendment

## Filing Details

**Filing Number:** 0005160818        **Filed On:**    8/22/2023 11:32:08 AM

## Submitter Information

**Contact Name:**   Alket Dajani
**Phone Number:**   +12036508416
**Email Address:**   alkdaja@yahoo.com
**Mailing Address:**

## Lien Details

**Initial Financing Statement File #:**   0005159245

## Filing Information

**Amendment Type:**        Amendment
**Amendment Details:**
**Collateral Change:**       Added
**Optional Filer Reference:**   See Secured Party filings County Recording land records

## Collateral Information:

**This financing statement covers the following collateral:**
**Attachment of collateral has been included with filing.**

## Authorizer Information

**Type:**   Secured Party
**Name:**   Alket: Dajani

*Exhibit G*

C690 

## SECURITY AGREEMENT
### No. AD-74010374-SA
#### Non-Negotiable Private Between the Parties

```
Doc ID: 005777010006 Type: LAN
Book 1914 Page 833 - 838
File# 690
```

Secured Party/Creditor:

Alket: Dajani.
c/o, 60 Oxen Hill Road
City, Trumbull, Connecticut [06611]

Debtor:

ALKET DAJANI
60 OXEN HILL RD
TRUMBULL, CT 06611

This perpetuating Security Agreement is mutually agreed upon and entered into on the Eleventh day of the Eighth month in the year of our Lord Two-Thousand-Twenty-Two between the artificial person, ALKET DAJANI, and any and all derivatives and variations in the spelling of said name except, "Alket: Dajani", herein jointly and severally "Debtor" and the living, breathing, flesh-and-blood man/woman, known by the distinctive appellation Alket: Dajani, hereinafter Secured Party and Creditor.

### AGREEMENT

Creditor agrees to administer any and all claims derived from the original Security, Naturalization Certificate No.#: 30711517, for the beneficiary, ALKET DAJANI, SIN/SSN: 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. Assignment of the UCC-1 Financing Statement goes to the Secretary of the Treasury, lien holder.

In Consideration for Creditor (a) constituting the source, origin substance, and being, i.e., the basis of "pre-existing claims" from which the existence of Debtor is derived, and the basis upon which Debtor functions as a transmitting utility, i.e., series as a conduit, granting Creditor capacity for interacting, discharging debt, accepted for value, contracting, and exchanging goods and services in commerce with other artificial persons; (b) constituting the source of Debtor's assets, via the sentiment existence, exercise of faculties, and labour of Creditor which, provides valuable consideration sufficient for supporting any contract whatsoever that Debtor may execute and concerning which Debtor may be regarded as bound, (c) providing the security for payment of all sums now due and owing, and as might become due and owing, by Debtor, Debtor for valuable consideration, does hereby and herewith Agree and Covenant that Debtor shall

Page 1 of 6  SA# ad-74010374                                   Secured Party; Alket: Dajani
For the security agreement 2023 by Alket Dajani

Exhibit H 1-6

VOL I 9 I 4 PAGE 0 8 3 4

undertake the obligation functioning and serving as a transmitting utility for the benefit of Creditor, granting Creditor ability for engaging in commerce with other artificial persons.

## SCHEDULE "A"

This schedule A date it August 14, 2023 incorporated in the security agreement dated the same date, as though fully set forth therein. The following partial itemization of property constitutes a portion of the collateral referenced in said security agreement, and is not intended to represent the actual and full extent of said collateral. This Schedule A supplement security agreements describing collateral, that may have been entered by the same parties.

**List of Additional Property, Documents in Assets**

All that certain piece or parcel of land, together with all buildings and improvements they're on standing, situated in the town of Trumbull, county of Fairfield and the State of Connecticut at 60 Oxen Hill Road, known as described as Lot No. 20 on a certain map entitled "Map of the Lots in Trumbull Connecticut. For John Bargas, scale 1 iin. = 100 ft., September 12, 1960", made by Frank C. Penny, Engineer & Surveyor and filed for record in the Trumbull Town Clerk'sOffice as Map No. 1005, said promises being more particularly bounded and described as follows:

Northwesterly: by land of Anthony Calandro, 150.07 feet;

Northeasterly: by Lot No. 17 on said map, 300.17 feet;

Southeasterly: by Oxen Hill Road, as shown on site map, 150 feet;

Southwesterly: by Lot No. 21, on said map, 295.64 feet.

All that certain Automobile, as described on Vin#  WDDUG8FB8EA065478, 2014 Mercedes-Benz S550 4matic..

All that certain Automobile/Van, as described on Vin# WD3PF0CD9KT005236, 2019 Mercedes-Benz Sprinter.

1. Private security agreement and all other documents referenced herein creating a collateral security interest and listing general allocate the property.
Additional Specific property listed as follows:

Page 2 of 6   SA# ad-74010374                          Secured Party; Alket: Dajani
                        For the security agreement 2023 by Alket Dajani

Exhibit H 2-B

2.

3.

4.

5.

6.

A. income from every source.

B. Proceeds of Secured Party's labor from every source.

C. Application for The United States of America Naturalization Certificate No. 30711517, and all other Certificates of Birth, Certificates of living Birth, Notification of Registrations of Birth or Certificate of Registration of Birth, or otherwise entitled documents of birth whether county, state, federal, or other either describe to or derived from the name of the debtor identified above or based upon the above described Birth documents.

D. Location for Social Security number 044047026, Social Security number 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, Connecticut drivers license number 177766372. All property listed on the legal notice and demand that is filed in State of Connecticut register of deeds office are the sole property of Alket: Dajani, the Secured Party Creditor. These items of property cannot be taken, used, duplicated, confiscated, confined, restrained, abused, damaged, influence, or removed from the Secured Party Alket: Dajani, without his voluntary, written permission. Any violation of this agreement will constitute a penalty of one hundred million 99.999% one ounce silver coins, per occurrence, per officer or agent involved. This is a contract in admiralty and you may rebut this within 21 days. Rebuttal must be per conditions in a "Legal Notice and Demand" that is on file, along with this document, and the register of deeds office in County of Fairfield State of Connecticut.

**All property belonging to the Debtor belongs to the Creditor, including equity and improvements.**

**See UCC-1, and Legal Notice and demand for complete property list.**

### INDEMNITY BOND

For valuable consideration, Debtor hereby agrees and covenants, without benefit of discussions and without division, that Debtor holds harmless and undertakes the indemnification of creditor from and against all claims, legal actions, warrants, judgements, demands, liabilities, losses,

Exhibit H 3-6

VOL 1 9 1 4 PAGE 0 8 3 6

depositions, summonses, lawsuits, costs, fines, liens, levies, penalties, damages, interest, and expenses. Whatsoever, both absolute and contingent are due and might become due, now existing and might hereafter arise, and might be suffered/incurred by, as well as imposed on Debtors, for any reason, purpose or cause whatsoever, be considered an accompanying Party, nor a surety for Debtor.

Know all men by these presents, that ALKET DAJANI, the debtor, here by established says this indemnity bond in favor of, the Secured Party, in the sum of a present and future collateral values up to the sum of one hundred million United States dollars (100,000,000.00), in silver dollar's, fiat money, or money of account/credit, upper value, for the payment of which band the dead are here by family binds its successor, heir, executors, administrators, DBA's, A.K.A's., and third-party signs, jointly and severally. The debtor here by indemnifies the secured party against losses incurred as a result of all claims of deaths or losses made by any and all persons against the commercial transactions investments of the debtor. The condition of this band is that secured party covenants to do certain things on behalf of the debtors, as set forth in the security agreement of the same date and executing parties; and debtor covenants to serve as a transmitting utility to ensure beneficial interest in all accounts established and managed by the UNITED STATES and its agent(s)/ agencies, corporations or otherwise; and all goods and services in commerce are available to or conveyed from debtor to Secure party, whichever is appropriate. To avert losses of vested rights in the present or future collateral that is the subject of the attached security agreement, Debtor agrees to make available to the Secured Party, such accounts established by intent of the parties, by operation of law, and/or as constructive trusts, to hold proceeds arising from assets belonging to the debtor, and administered by the UNITED STATES or its subdivisions, agents, or affiliates. Pursuant to existing laws of the UNITED STATES and the agreement of the parties of the attached security agreement, the secured party is authorized to sign such funds from Sarah counts as are necessary to set it all past, present, and future public debts and obligations incurred by the debtor on behalf of the secured party.

The Debtor, without the benefit of discussion or division, does hear by agrees, covenant, and undertake to indemnify, defend, and hold the Secured party harmless from and against any and all claims, losses, liabilities, costs, interest, and expenses including, without restriction, legal costs, interest, penalties, and fines previously suffered or incurred, or to be suffered or incurred by the Secured Party, in accordance with a secured parties personal guarantee with respect to loans and indebtedness belonging to the deck door, including any amount of debtor. might be deemed to all in public credit there for any reason whatsoever.
The Secured party shall promptly advise a better of all public claims brought by third parties against the present and future property of the Debtor, all of which is covered by the attached security agreement up to the indemnification amount declared herein and to provide the Debtor with full details of set claims, including copies of all documents, correspondence, suits or actions received by or served upon the Debtor through the Secured Party. Secured Party shall fully cooperate with discussion, negotiation, or other proceeding relating to such claims.

Page 4 of 6   SA# ad-74010374                    Secured Party; Alket: Dajani
For the security agreement 2023 by Alket Dajani

Exhibit H 4-6

VOL 1 9 1 4 PAGE 0 8 3 7

This bond shell be in force and effect as of the date it is signed and excepted by the parties and provided that Secured Party may cancel this bond and be relieved of further duty here and there by delivering a thirty (30) day written notice of cancellation to the Debtor. Such cancellations and effective liability accurate by or accrued to secure party prior to the conclusion of said thirty (30) day period. In such events of notice of cancellation, and in the events of the UNITED STATES re-institutes it's constructive claims against the collateral, the Debtor agrees to reissue the bond before the end of the thirty (30) day period for an amount equal to or greater than the above value of the attached security agreement, unless the parties agree otherwise.

## NOTICE OF LIEN

This agreement constitutes an International Commercial Lien on all properties listed on Schedule A

    1. 60 Oxen Hill Road, Trumbull, Connecticut for United States dollars ($800.000.00), in Silver Dollar's, Fiat money, or money of account/credit at per value.

    2. Automobile, as described on Vin#  WDDUG8FB8EA065478,  2014 Mercedes-Benz S550 4matic. for sixty thousand United States dollars ($60,000.00), in Silver Dollar's, Fiat money, or money of account/credit at per value.

    3. Automobile, as described on Vin# WD3PF0CD9KT005236,  2019 Mercedes-Benz Sprinter for sixty thousand United States dollars ($60,000.00), in Silver Dollar's, Fiat money, or money of account/credit at per value.

This link will expire at the moment that the indemnity expires or when there's lane is satisfied by a third-party Interlope who seeks to take/sees any of said properties.

## AMENDMENTS

This Agreement may be altered or amended only by an agreement in writing signed by both the Debtor and the Creditor. Notice to the Lien Holder of any such alteration or amendment shall in no event be required. In the event of any such alteration or amendment the Lien Holder shall not be affected in any manner whatsoever.

## ADVISORY

This Security Agreement supersedes all previous contracts or security agreements between Debtor and the Creditor. Applicable to all Successors and Assigns. Creditor may terminate this agreement at any time. Termination is effective the date of the notice of the termination is received by the Debtor. This is a continuing Security Agreement and perpetuates in effect until

Page 5 of 6   SA# ad-74010374                                      Secured Party; Alket: Dajani
               For the security agreement 2023 by Alket Dajani

Exhibit A 5-6

death, i.e., permanent cessation of all vital function and faculties of Creditor.

Certified Court of Record is Convened upon Confirmation of Delivery of these Presents File # NO. MS-211121-SA, Register a reg. mail number 7022 0410 0000 7401 0374.

## CERTIFICATION

This Security Agreement No. AD-74010374-SA is dated: The Fourteenth day of the Eighth month in the year of our Lord Two-Thousand-Twenty-Three.

Debtor: ALKET DAJANI, Naturalization Certificate No. 30711517

Signature: *Alket: Dajani, beneficiary*.

Creditor accepts Debtors Signature in Accord with UCC§ 1-201 (37), 3-401(b).

I, Alket: Dajani, Creditor, certify that:
I have attained the age of majority, I have first-hand knowledge of the facts contained herein, and to the best of my knowledge and belief, the foregoing document is a true, correct, and complete record of the security agreement between the Parties designated therein under the pains and penalty of perjury, so help me God. All rights reserved, without prejudice.

Alket: Dajani.
Secured Party, Creditor, and beneficial owner of ALKET DAJANI.

Date: *08-14-2023*

Signature: *Alket: Dajani, beneficiary*.

Use of the notary does not stipulate to an election to submit to the jurisdiction.

## JURAT

Sworn and subscribed before me by: Alket: Dajani, in Trumbull, Connecticut, this *14th* day of *August*, 2023.

by_____, IN WITNESS WHEREOF, I have hereinto set my hand and seal of office.

_____
Notary Public

JOANNE DEMACE
Notary Public, State of Connecticut
My Commission Expires Jan. 31, 2027

Page 6 of 6. SA# ad-74010374                    Secured Party; Alket: Dajani
For the security agreement 2023 by Alket Dajani

TOWN CLERK OFFICE, TRUMBULL, CT
RECEIVED FOR RECORD       AUG 1 4 2023
AT 2:34 P.M.   ATTEST _____
TOWN CLERK

Exhibit H C-6

*NOTICE OF INTENT — FEE SCHEDULE*

# To Whom It May Concern:

The annexed Notice of Intent – Fee Schedule is a schedule of mandatory fees instated by the Secured Party Creditor, **Alket Dajani ©**, Authorized Representative on behalf of **ALKET DAJANI ©**, Ens Legis. I, **Alket Dajani ©**, do hereby set forth fees to be instated in any business dealing with **Alket Dajani ©**, for any business conducted relevant to this schedule. Fees are due and MUST be paid before said business can commence. In the event that invoicing becomes necessary, invoiced amounts are due fifteen days after day of receipt. If said fees are not met, it is the right of the Secured Party Creditor, **Alket Dajani ©**, to refuse or void any form of business interaction and/or transaction. Fees are subject to change at any time without prior notice. Secured Party Creditor, **Alket Dajani ©**, is the only Authorized Representative to alter, void, and/or enforce said fees and may do so at any time.

All Rights Reserved,

**Alket Dajani ©**, American State National
Secured Party Lien Creditor, Authorized Representative for
**ALKET DAJANI ©**, Ens Legis
**Without Prejudice**

## Witness and Acknowledgement

**Connecticut** State _____Fairfield_____ County

A living **man** affirmed before me, a Recording Secretary/Notary, on this __1__ day of __March__, 20_24_, that **Alket Dajani ©** personally appeared and known to me to be the **man** whose name is referenced within the instrument and acknowledged to be the same.

Autograph: _____

My Notary Commission expires: ___September 30, 2026___

Private Easements Schedule          Penalty for Private Use $250,000

Public Easements Schedule           Penalty for Public Use $250,000

Page 1 of 8

*Exhibit I – 1*

VOL I 9 2 4 PAGE 0 4 8 8

These fees will be mandated upon the informant listed on the traffic citation ticket(s), arrest warrants, detention orders, seizure orders.

**Produce trade name materials:**

| | |
|---|---|
| a. Name | $50,000 |
| b. Drivers License Number | $50,000 |
| c. Social Security Number | $100,000 |
| d. Retinal Scans | $5,000,000 |
| e. Fingerprinting | $200,000 |
| f. Photographing | $200,000 |
| g. DNA | $5,000,000 |
|    1. Mouth swab | $5,000,000 |
|    2. Blood samples | $5,000,000 |
|    3. Urine samples | $5,000,000 |
|    4. Breathalyzer testing | $5,000,000 |
|    5. Hair samples | $5,000,000 |
|    6. Skin samples | $5,000,000 |
|    7. Clothing samples | $5,000,000 |
|    8. Forced giving of fluids/samples | $5,000,000 |

**Issue Traffic citations and tickets of any traffic nature:**

| | |
|---|---|
| a. Citations | $60,000 |
| b. Warning Issued on Paper Ticket | $25,000 |

**Appearance in court because of traffic citations:**

| | |
|---|---|
| a. Time in court | $75,000/hr with 1 hour min. |
| b. If Fine is imposed | $500,000 |

**Car / Personal Property Trespass, Carjacking, Theft, Interference with Commerce,**

| | |
|---|---|
| a. Agency by Estoppel | $50,000 |
| b. Color of Law | $150,000 |
| c. Implied Color of Law | $150,000 |
| d. Criminal Coercion | $500,000 |
| e. Criminal Contempt of court | $500,000 |

Exhibit I -2

VOL 1 9 2 4 PAGE 0 4 8 9

| | |
|---|---|
| f. Estoppel by Election | $350,000 |
| g. Estoppel by Laches | $350,000 |
| h. Equitable Estoppel | $500,000 |
| i. Fraud | $1,000,000 |
| j. Fraud upon the court | $2,000,000 |
| k. Larceny | $250,000 |
| l. Grand Larceny | $250,000 |
| m. Larceny by Extortion | $1,000,000 |
| n. Larceny by Trick | $1,000,000 |
| o. Obstruction of Justice | $100,000 |
| p. Obtaining Property by False Pretenses | $1,000,000 |
| q. Simulating Legal Process | $1,000,000 |
| r. Vexatious Litigation | $5,000,000 |
| s. Trespass upon Motor Conveyance | $100,000 |
| t. Unauthorized Relocation of Motor Conveyance | $100,000 |
| u. Seizure of Motor Conveyance | $100,000 |
| v. Theft of License Plate | $10,000 |
| w. Unlawful Lien on Motor Conveyance | $50,000 |

**Use of trade name protected material under threat, duress, and/ or coercion:**

| | |
|---|---|
| a. Name written by the informant | $250,000 |
| b. Drivers License written by informant | $150,000 |
| c. Social Security Number written by informant | $150,000 |
| d. Miscellaneous Material written by informant | $500,000 |

Page 3 of 8

Exhibit I - 3

VOL 1 9 2 4 PAGE 0 4 9 0

**Produce any personal information/property for any kind of business interaction:**

    a. Financial information               $100,000

    b.  Property inside motor vehicle     $150,000

**Time Usage for traffic stops:**

    a. 30 minutes               $5,000/30 minutes

    b. 60 minutes               $10,000

    c. 90 minutes               $15,000


**Court Appearance Schedule**

These fees MUST be paid immediately after my case is finished. Failure to pay fines and fees will have an additional fee of $5000.00 for breach of contract.

**Demand for Appearance in court:**

    a. My Appearance

        1. under protest and duress:    $75,000/hour

        2. Voluntarily             $10,000/hour


**Use of trade name material**

    a. Name

        1. under protest and duress:    $25,000

        2. Voluntarily             $10,000

    b. Drivers License

        1. under protest and duress:    $25,000

        2. Voluntarily             $10,000

    c. Social Security Number

Exhibit I - 4

VOL 1 9 2 4 PAGE 0 4 9 1

    1. under protest and duress:       $25,000

    2. Voluntarily       $10,000

d. Miscellaneous Material       $25,000

e. Produce any personal information for any kind of business interaction:

    1. Financial Information       $10,000

    2. Drivers License       $10,000

    3. Social Security Number       $250,000

    4. Any documents produced by me       $10,000 per document

**Time usage for court appearances:**

a. 30 minutes

    1. Under Protest and Duress       $33,500

    2.Voluntarily       $10,000

b. 60 minutes

    1. Under Protest and Duress       $75,000

    2. Voluntarily       $20,000

c. 9 0minutes or more

    1. Under Protest and Duress       $100,500

    2. Voluntarily       $30,000

**Trespass-Fee Schedule**

**Trespass** by public official(s), police officer(s), judge(s), attorney(s), Corporation(s)and other fictional entities as well as all others who desire to contract:

    1.Failure to honor God Given Rights       $20,000

*Exhibit I - 5*

VOL I 9 2 4 PAGE 0 4 9 2

2. Failure to honor Oath of Office — $50,000

3. Failure to honor Constitutional Oath — $50,000

4. Failure to honor Written and/or Oral Word — $5,000

5. Silence/Dishonor/Default — $5,000

6. Failure to honor /No Bond — $5,000

7. Phone call to telephone number used by Secured Party including from alleged debt collectors — $5,000each

8. Telephone message left on Secured Party phone Service or Equipment — $5,000each

9. Use of street address/mailing location of Secured Party — $5,000each

10. Time waiting for schedule service — $1,000minimum or per hour

11. Detention from Free Movement and/or curfew. — $75,000minimum or per hour

12. Incarceration — $75,000minimum or per hour

13. Failure to Follow Federal and/or State Statues, Codes, Rules and/or Regulations — $50,000

14. Failure to State a Claim upon which Relief Can Be Granted — $25,000

15. Failure to Present a Living Injured Party — $100,000

16. Failure to Provide Contract Signed by the Parties — $100,000*

17. Failure to Provide IRS 1099OID(s), and Other IRS Reporting Form(s) Requirements upon Request — $100,000*

18. Default By Non Response or Incomplete Response — $100,000*

19. Fraud — $1,000,000*

20. Racketeering — $1,000,000*

21. Theft of Public Funds — $1,000,000*

22. Dishonor in Commerce — $1,000,000*

Exhibit I - 6

VOL 1 9 2 4 PAGE 0 4 9 3

23. Failure to pay Counterclaim in full within (30) Thirty
   Calendar Days of Default as set forth herein            $1,000,000**

24. Perverting of Justice Judgment                          $1,000,000*

25. Use of Common-law Trade-name/Trade-mark After
   One Warning (per each occurrence)                        $50,000 each

26. Forcing psychiatric evaluations                         $500,000 per day

27. Refusal to provide adequate and proper nutrition while
   incarcerated                                             $50,000 per day

28. Refusal to provide proper exercise while incarcerated   $50,000 per day

29. Refusal to provide proper dental care while incarcerated  $50,000 per day

30. Forced giving of body fluids                            $ 5,000,000 per day

31. Forced injections/inoculations, vaccines               $5,000,000 each

32. Forced separation from marriage contract               $160,000 per day

33. Confiscation/kidnapping of a body not a US Citizen      $1,600,000 per day

34. Corporate State continuing a mortgage for more charge
   than five years in violation of Banking Act of 1864
   which takes precedence over current Statutes at large   $1,600,000 per day

35. Attempted extortion of funds from birth certificate
   account, Social security account or any other
   associated accounts by fraud, deception and
   or Forgery by any agent, entity or corporation.         $6,000,000 per count or charge

36. Attempted extortion of signature                       $6,000,000 per count or charge

37. Attempted forgery of signature                         $6,000,000 per count or charge


*Per Occurrence and Includes any Third Party Defendant

** All claims are stated in US Dollars which means that a US Dollar will be defined, for this purpose as a
One Ounce Silver Coin of .999 pure silver or the equivalent par value as established by law or the
exchange rate, as set by the US Mint, whichever is the higher amount, for a certified One Ounce Silver
Coin (US Silver Dollar) at the time of the first day of default as set forth herein; if the claim is to be paid in
Federal Reserve Notes, Federal Reserve Notes will only be assessed at Par Value as indicated above.

Exhibit I - 7

VOL 1 9 2 4 PAGE 0 4 9 4

**Total damages will be assessed as the total amount of the damages as set forth herein times three (3) for a total of all damages as set forth in subsections a-w added to three (3) times the damages for punitive or other additional damages.**

**Kidnapping (If an alleged officer removes free soul more than 5 feet from free soul's property without just cause, it IS kidnapping)**                        **$5,000,000**

**Services to others and/or Corporation(s):**

a. Studying                                                     $500 per hour
    while under threat, duress, coercion         $75,000 per hour

b. Analyzing                                                    $500 per hour
    while under threat, duress, coercion         $75,000 per hour

c. Research                                                     $500 per hour
    while under threat, duress, coercion         $75,000 per hour

d. Preparing Documents                                         $500 per hour
    while under threat, duress, coercion         $75,000 per hour

e. Answering Questions                                         $500 per hour
    while under threat, duress, coercion         $75,000 per hour

f. Providing Information                                        $500 per hour
    while under threat, duress, coercion         $75,000 per hour

**If invoiced, payment is due 15 days after receipt date.**

**Make all payments to:**

**Alket Dajani ©**
**c/o 60 Oxen Hill Road**
**Trumbull, Connecticut near [06611]**

Page 8 of 8

*Exhibit I – 8*